BEVERLY VAUGHT, as Administratrix )
of the Estate of SENACA MARRELL )
VAUGHT, )
                                                )
      Plaintiff, )
                                                )
v. )               **CONSENT**
                                                )        **PROTECTIVE ORDER**
JOHN WILLIAMS INGRAM, V, in his )        **FOR DEFENDANTS'**
official capacity as the Sheriff of )          **PERSONNEL RECORDS**
Brunswick County; DUSTIN RIDDLE, in )
his individual and official capacity as a )
Brunswick County Deputy Sheriff; )
KARL SCOGGINS, in his individual and )
official capacity as a Brunswick County )
Deputy Sheriff; STEVEN )
GERSTENMIER, in his individual and )
official capacity as a Brunswick County )
Deputy Sheriff; BRUNSWICK COUNTY; )
BRUNSWICK COUNTY SHERIFF'S )
OFFICE; WESTERN SURETY )
COMPANY, SOUTHERN HEALTH )
PARTNERS, INC.; and ARLENE )
STANLEY, )
                                                )
      Defendants.

THE PLAINTIFF DESIRES to inspect and copy certain information from the personnel records of Dustin Riddle, Karl Scoggins, and Steven Gerstenmier, who are current or former Brunswick County sheriff's deputies and defendants in this action. Said personnel files are maintained by the defendant Sheriff of Brunswick County and, pursuant to N.C. Gen. Stat. § 153A-98, may be disclosed only under court order. Following the plaintiff's discovery request, the parties have sought such an order so as to be in compliance with the statute.

By consent, IT IS HEREBY ORDERED THAT:

1.      Personnel information is information which concerns or relates to an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary,

suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form. This information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) audio or video recordings, and (d) any other similar documents.

2. Any such personnel information obtained in this action which is asserted by the Sheriff of Brunswick County to contain or constitute confidential personnel information, shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER" or a comparable notice. (Such information shall be disclosed at any hearing only to Court personnel, to the parties, and to counsel for the parties and their employees.) If at any time a party objects to a designation of information as being confidential, the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. Within ten calendar days of the receipt of such notice, the designating party may apply for a ruling on the continued designation of the information as confidential. The confidentiality of the information shall be maintained until the Court rules otherwise; provided, however, that, if no application to the Court is submitted within the ten-day period, the information shall be deemed not to contain confidential information. If the designating party and the objecting party cannot resolve their differences, either party may apply to the Court for a ruling.

3. In the absence of written permission from the Sheriff of Brunswick County or his designee, or by an order by the Court, any confidential personnel information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than:

    (i) The Court and the employees thereof.

    (ii) Court reporters and stenographers engaged for the taking of testimony.

(iii) The parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel.

(iv) Experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party.

(v) Any witness, potential witness, deponent or potential deponent in this action who is first advised of the terms and conditions of this Order and signs an undertaking in the form of Exhibit A hereto, and provided that the confidential personnel information is not left in the possession of such person. Any party may request that the deponent agree on the record to be bound by this order, and if the deponent refuses, the requesting party may request a delay pending a motion to the Court; provided, however, that witnesses may see their own personnel records. Any confidential personnel information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his personnel file to the extent permitted by law.

(vi) Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of such information, provided that the contractor is advised that the documents are subject to a protective order.

(vii) Any jurors or alternate jurors that may be empanelled for purposes of trial.

4. Personnel information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by signing an undertaking in the form of Exhibit A hereto, provided that such confidential information is not left in the possession of such person.

5. If the Court orders, or if the Sheriff or his designee agrees, that access to, or dissemination of, information obtained as confidential personnel information shall be made to persons not included in paragraph 3 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order, and such persons shall be considered subject to it.

6. Any confidential personnel information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to paragraph 2 above. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order.'

Any portion of a transcript in connection with this action containing any confidential, personnel information submitted pursuant to paragraph 2 shall be bound separately and filed under seal. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When

any confidential personnel information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding to bind such confidential portions and separately label them "PERSONNEL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7. If confidential personnel information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

8. Upon final adjudication of this action, all confidential personnel information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be (a) returned to counsel for the defendant Sheriff of Brunswick County or (b) the same (including copies made and/or computer materials made or stored) shall be destroyed. Each party, however, shall be permitted to retain copies of Court filings containing such documents, deposition transcripts and all of their respective work product, which shall continue to be subject to the provisions of this Order.

SO ORDERED, this the 23rd day of February, 2011.

_____
LOUISE W. FLANAGAN
CHIEF UNITED STATES DISTRICT JUDGE

CONSENTED TO BY:

_____  Date: JAN. 24, 2011
James R. Morgan Jr., NCSB No. 12496
Christopher J. Geis, NCSB No. 25523
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, N.C. 27101
Telephone: (336) 721-3543
Facsimile: (336) 726-2221
E-Mail: cgeis@wcsr.com
*Attorneys for Defendants John Williams Ingram V, Dustin Riddle,
Karl Scoggins, Steven Gerstenmier, Brunswick County,
Brunswick County Sheriff's Office, and Western Surety Company*

_____  Date: Jan 27, 2011
James A. Roberts, III
Brooke N. Albert
Lewis & Roberts, PLLC
P.O. Box 17529
Raleigh, N.C. 27619-7529
Telephone: (919) 981-0191
Facsimile: (919) 981-0199
jar@lewis-roberts.com
bna@lewis-roberts.com

_____  Date: Jan 27, 2011
Adam N. Neijna
The Law Offices of Adam Neijna, PLLC
8951 Harvest Oaks Drive, Suite 101
Raleigh, N.C. 27615
Telephone: (919) 844-0900
Facsimile: (919) 758-8487
amn@amnlawfirm.com

*Attorneys for Plaintiff*

_____  Date: 2/1/11
W. Gregory Merritt
Harris, Creech, Ward, and Blackerby
325 Pollock Street
Post Office Drawer 1168
New Bern, N.C. 28563
(252) 638-6666
*Attorney for Southern Health Partners and Arlene Stanley*

# EXHIBIT A
## UNDERTAKING TO BE BOUND

I, _____, declare as follows:

I acknowledge receipt of a copy of the Consent Protective Order for Defendants' Personnel Records (the "Protective Order") dated January ____, 2011 in *Vaught v. Ingram, V. et al.* filed in the United States District Court for the Eastern District of North Carolina Western Division, Case no. 5:10-ct-03009-FL, and agree that I: (1) will comply with and be bound by its provisions with respect to any information provided to me under the terms of this Protective Order; (2) will not reveal any information provided to me under the terms of this Protective Order to anyone other such persons designated in paragraph 3 of this Order; and (3) will utilize such confidential information solely for purposes of this litigation. I further understand that if I fail to comply with the terms of the Protective Order, I may be subject to sanctions by the Court, and I consent to the jurisdiction of the above-referenced Court for such purpose.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____

_____
Signature

_____
Printed Name

_____
Address

_____
Position